UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERICO R.M.,[1]
A-Number: 035-523-629,[2]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03605-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS, DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, AND DENY MOTION FOR APPOINTMENT OF COUNSEL**

(Docs. 1, 3, 8)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Federico R.M. is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He contends that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Respondents move to dismiss. (Doc. 8). For the reasons discussed below, the undersigned recommends that the

[1] As requested by Petitioner (Doc. 1 at 2, n.1) and also recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Prior caption pages reference Petitioner's A-Number as 215-561-594. However, the record reflects Petitioner's correct A-Number as 035-523-629. (*See* Doc. 8-1; Doc. 8-3; Doc. 8-4).

motion to dismiss (Doc. 8) be **GRANTED**, the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**, and that Petitioner's motion for appointment of counsel (Doc. 3) be **DENIED**.

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on or about February 23, 1979. (Doc. 8-1 at 1). On June 23, 2010, Petitioner was convicted in the Superior Court of California, County of San Joaquin, of continuous sexual abuse of a child in violation of California Penal Code § 288.5(a) and two counts of lewd acts upon a child in violation of California Penal Code § 288(a) and was sentenced to a total term of twenty years imprisonment in state prison. (Doc. 8-2).

On March 6, 2026, upon Petitioner's release from state custody, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into immigration custody and served him with a Notice to Appear charging him as removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted after admission of an aggravated felony as defined in section 101(a)(43)(A) of the Act. (Doc. 8-1 at 1; Doc. 8-3 at 2-3). Petitioner has remained in ICE custody since that date and is currently detained at the California City Immigration Processing Center in California City, California. (Doc. 1 at 5, 19).

An immigration judge conducted an individual merits hearing on June 16, 2026, and ordered Petitioner removed to Mexico. (Doc. 10 at 1). On June 26, 2026, Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). (*Id.*). That appeal remains pending. (*Id.*).

### B. Procedural History

Petitioner filed the instant petition on May 11, 2026, along with a motion for appointment of counsel under 18 U.S.C. § 3006A. (Docs. 1, 3). The petition asserts a single claim: that Petitioner's prolonged detention without an individualized hearing before a neutral decisionmaker, at which the government bears the burden of justifying continued detention by clear and convincing evidence, violates the Due Process Clause. (Doc. 1 at 16-17). Petitioner also describes deteriorating health and inadequate medical care in detention. (Doc. 1 at 5-8).

On May 13, 2026, the assigned Magistrate Judge ordered Respondents to show cause within thirty days of service why the petition should not be granted and permitted Petitioner to file a traverse in response within thirty days of the filing of Respondents' response. (Doc. 7). On June 13, 2026, Respondents moved to dismiss the petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), that his detention is neither prolonged nor indefinite, that he has failed to exhaust administrative remedies, and that his medical claims are not cognizable in habeas. (Doc. 8). Petitioner has not filed an opposition, traverse, or any responsive pleading, and the time to do so has passed. On July 8, 2026, Respondents filed a status report advising the Court of the immigration judge's removal order and Petitioner's BIA appeal. (Doc. 10).

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and…the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

///

## IV. DISCUSSION

### A. Jurisdiction

"[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Immigration Processing Center in California City, California, within this judicial district, and he challenges the constitutionality of his detention rather than a final order of removal. Jurisdiction is therefore proper.

### B. Petitioner's Detention Is Authorized by 8 U.S.C. § 1226(c)

Section 1226(c)(1)(B) directs the Attorney General to take into custody any noncitizen who "is deportable by reason of having committed any offense covered in…section 1227(a)(2)(A)(iii)" and to detain that person during the pendency of removal proceedings. Petitioner's 2010 conviction under California Penal Code § 288.5(a) is a conviction for sexual abuse of a minor and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). Accordingly, Petitioner is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), and his detention falls within section 1226(c)(1)(B). *See United States v. Medina-Villa*, 567 F.3d 507, 511-17 (9th Cir. 2009); *Palencia v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-1058 DJC CSK, 2026 WL 818580, at *2 (E.D. Cal. Mar. 25, 2026), *report and recommendation adopted*, No. 1:26-CV-01058-DJC-CSK, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) ("The Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to removal pursuant to (1) 8 U.S.C. § 1227(a)(2)(A)(iii) based on his criminal convictions under California Penal Code § 288.5(a) for continuous sexual abuse of a minor, an aggravated felony.").

Petitioner's detention remains governed by § 1226(c), rather than by 8 U.S.C. § 1231, notwithstanding the Immigration Judge's June 16, 2026 removal order. An order of removal does not become administratively final while a timely appeal to the BIA is pending, and the execution of the order is automatically stayed. 8 C.F.R. §§ 1003.6(a), 1241.1(a); *see Casas-Castrillon v.*

*Dep't of Homeland Sec.*, 535 F.3d 942, 947-48 (9th Cir. 2008) (detention authority under section 1226(c) extends through the completion of administrative removal proceedings before the BIA). Because Petitioner's appeal was filed on June 26, 2026 and remains pending, his removal period has not begun and section 1231 has no application here.

**C. Petitioner Was Not Required to Seek a Joseph Hearing Before Filing This Petition**

Respondents contend that Petitioner must first challenge his mandatory detention before the immigration authorities, and that his failure to request a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), warrants denial of relief. (Doc. 8 at 3).

The argument is misdirected. A *Joseph* hearing tests whether a detainee is properly included within section 1226(c), meaning whether the government is substantially unlikely to prevail on the charge that triggers mandatory detention. Petitioner does not contend that he falls outside section 1226(c). He contends that his continued detention under that provision, without any individualized custody determination, has become prolonged and constitutionally unreasonable. An immigration judge conducting a *Joseph* hearing has no authority to grant that relief. Because a *Joseph* hearing could not resolve Petitioner's constitutional claim, the undersigned declines to recommend denial of relief on this basis and proceeds to the merits.

**D. Petitioner's Detention Has Not Yet Become Unreasonably Prolonged**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately five months in the minority of cases involving an appeal to the Board of Immigration

Appeals. *Demore*, 538 U.S. at 513, 529-31. *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Petitioner urges that detention exceeding six months is unconstitutional per se. (Doc. 1 at 9-10). But the six-month figure in *Zadvydas* addressed detention under 8 U.S.C. § 1231(a)(6) following a final order of removal is a materially different posture. Here, under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

Petitioner's interest in freedom from detention is substantial. *See Zadvydas*, 533 U.S. at 690. Petitioner has described serious conditions bearing on the weight of that interest: rotten and expired food, extended lockdowns, and limited access to medical care. But the question presented is not whether Petitioner's liberty interest is protected, but what process is due to protect it at this stage of his removal proceedings. *See Rodriguez Diaz*, 53 F.4th at 1207.

Petitioner has been detained since March 6, 2026, approximately four and a half months. That period approaches, but has not exceeded, the period *Demore* identified as the ordinary duration of detention during removal proceedings, including those involving an administrative appeal. 538 U.S. at 529-31.

The anticipated duration of future detention likewise does not weigh in Petitioner's favor. Unlike detention following a final order of removal, detention under section 1226(c) "has 'a definite termination point': the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (citation omitted). Petitioner's proceedings have advanced steadily toward that point: he was served with a Notice to Appear the day he entered immigration custody, received an individual merits hearing approximately three months later, and obtained a decision on his application for relief. His appeal was received by the BIA on June 26, 2026, and remains pending. Nothing in the record suggests that Petitioner's detention is likely to extend indefinitely.

Further, there is no indication that Petitioner has engaged in bad-faith delay, and a noncitizen is not penalized for pursuing available relief. Neither is there any indication of dilatory conduct by the government.

The risk of erroneous deprivation under the existing procedures is comparatively low. Petitioner does not dispute that he was convicted of the offense identified in the Notice to Appear, or that the conviction renders him deportable, and the Immigration Judge has since adjudicated his application for relief and ordered him removed. The probable value of an additional individualized custody determination is correspondingly lower than in cases where a noncitizen's inclusion within section 1226(c) is contested, or where no adjudicator has yet examined the basis for removal.

The remaining considerations favor Respondents. The Government has a substantial interest in ensuring that noncitizens subject to removal appear for their proceedings and remain available for removal, and in protecting the public. *See Rodriguez Diaz*, 53 F.4th at 1208 ("These are interests of the highest order that only increase with the passage of time."). Those interests are at their strongest where, as here, the Immigration Judge has already ordered Petitioner removed, because "[t]he risk of a detainee absconding…inevitably escalates as the time for removal becomes more imminent." *Id.* That is not to say that the Government's interests are conclusive, or that a bond hearing would impose meaningful administrative burden. But at four and a half months, they have not yet been outweighed.

The undersigned recognizes that continued detention under section 1226(c) without any individualized custody determination may become constitutionally unreasonable. *See* Demore, 538

U.S. at 532-33 (Kennedy, J., concurring). The undersigned therefore declines to adopt Respondents' position that due process never requires a bond hearing for a noncitizen detained under section 1226(c), however prolonged the detention. Weighing the considerations above, the undersigned finds that Petitioner's detention has not yet become so prolonged as to require an individualized bond hearing as a matter of due process. However, the undersigned's recommendation of dismissal rests on duration, and duration changes. Therefore, the undersigned recommends the petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE so that Petitioner may return to this Court if his detention continues to lengthen without resolution of his removal proceedings.

**E. Petitioner's Medical and Conditions-of-Confinement Allegations**

Petitioner alleges that his health has deteriorated in detention, that he has not received adequate medical attention, that the food he is served is spoiled or expired, and that he is subjected to extended lockdowns. (Doc. 1 at 5–8). As discussed above, these allegations, while serious, bear on the weight of Petitioner's liberty interest. However, they do not state an independent claim cognizable in habeas.

A habeas corpus proceeding is not an appropriate forum in which to bring a civil rights claim. *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973). The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003). The proper method of challenging conditions of confinement is through a civil rights action rather than a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991). Therefore, the undersigned recommends these claims be DISMISSED WITHOUT PREJUDICE to Petitioner pursuing them in an appropriate civil action.

**F. Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A. (Doc. 3). There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Appointment is discretionary and appropriate where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner's filings demonstrate an adequate ability to articulate his claims, and the legal issues presented are not complex such that denial of counsel would amount to a denial of due process. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, the undersigned recommends that the motion for appointment of counsel (Doc. 3) be DENIED.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (Doc. 8) be **GRANTED**;
2. The petition for writ of habeas corpus (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and,
3. Petitioner's motion for appointment of counsel (Doc. 3) be **DENIED**.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 22, 2026**

UNITED STATES MAGISTRATE JUDGE