**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FEDERICO R.M.,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-3605 JLT EGC (HC)

A-Number: 035-523-629

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S REQUEST TO DISMISS, DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DISMISSING CONDITIONS OF DETENTION CLAIMS WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 3, 8, and 11)

Kevin Diarrassouba Ismael is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention without a bond hearing as a violation of due process rights, as well as the medical treatment he has received during his detention. (*See generally* Doc. 1.) Petitioner also requested the appointment of counsel. (Doc. 3.) Respondents contend that the Court should dismiss the petition because Petitioner's detention is lawful and any challenges to the conditions of detention were not cognizable in this habeas action. (Doc. 8.)

The magistrate judge found Petitioner's detention is authorized by 8 U.S.C. § 1226(c). (Doc. 11 at 5.) The magistrate judge also found Petitioner's detention was not unreasonably prolonged, and "[t]he anticipated duration of future detention … does not weigh in Petitioner's

favor" given his detention under Section 1226(c). (*Id.* at 5-6, 7.) The magistrate judge recommended the petition be dismissed without prejudice, such that Petitioner could seek relief from this Court in the future if his detention becomes unreasonably prolonged. (*Id.* at 8.) To the extent that Petitioner also challenged the conditions of his detention, the magistrate judge found such claims were not cognizable in the habeas action and recommended dismissal without prejudice to Petitioner pursuing the claims in a civil action. (*Id.*) Finally, the magistrate judge found Petitioner did not have a constitutional right to appointment of counsel in this action and recommended the motion be denied. (*Id.* at 9.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 11 at 9.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Although the Court served Petitioner at the only record of address—and attempted re-service after changing the identified A-Number—the U.S. Postal Service returned the Findings and Recommendations as undeliverable.[1] To date, no objections have been filed.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 22, 2025 (Doc. 11) are **ADOPTED** in full.
2. The motion for appointment of counsel (Doc. 3) is **DENIED**.
3. Respondent's motion to dismiss (Doc. 8) is **GRANTED**.
4. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
5. Petitioner's claim related to the condition of detention is **DISMISSED** without prejudice.

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). The Findings and Recommendations were mailed to Petitioner at the California City Detention Facility twice and returned both times, both with an A-Number identified by Petitioner on the petition and an A-Number identified by Respondents.

6. The Clerk of Court is directed to terminate any pending matters and to close this case.

IT IS SO ORDERED.

Dated: _September 17, 2026_

UNITED STATES DISTRICT JUDGE